## Rosch v. Rosch

*C. William Freed,* for libellant.

BOYER, J., June 29, 1931.—The sole basis for the application for divorce in this case is that of adultery alleged to have been committed with one Raymond Hartzell, who is named in the petition as corespondent. There is nothing in the entire record to show that any notice of his being named as corespondent and of the time and place of hearing was served upon the corespondent as required by section 38 of the Divorce Code of May 2, 1929, P. L. 1237. We held in Hockman *v*. Hockman, No. 12, January Term, 1930, that this requirement of the act is mandatory and referred the matter back to the master for correction. In that case further testimony was taken, showing that the address and residence of the corespondent were unknown at that time and prior to the hearing, and that, therefore, notice could not have been given.

Therefore, this case must be referred back to the master for the purpose of giving the proper notice to the corespondent. It is the right of the corespondent to be heard. It will consequently be necessary to hold another hearing and take the testimony a second time, unless the corespondent should fail to attend such second hearing or should waive his right to notice and to be heard, in writing, in which case the master should report accordingly.

Now, June 29, 1931, the report is referred back to the master for further proceedings in accordance herewith.

From Isaac J. Vanartsdalen, Doylestown, Pa.